IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DEMETRE DURHAM,<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Civil No. 23-00255 MWJS-KJM<br><br>ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER ON LOCAL RULE 37.1 DISCOVERY DISPUTE, ECF NO. 76 |

### ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER ON LOCAL RULE 37.1 DISCOVERY DISPUTE, ECF NO. 76

In this discovery dispute, Defendant Experian Information Solutions, Inc., objected to several deposition topics and document requests proposed by Plaintiff Demetre Durham.  Magistrate Judge Kenneth Mansfield sustained ten of those objections, eight of which Durham now appeals.  Because Judge Mansfield's order was not clearly erroneous or contrary to law, the Court AFFIRMS.

### BACKGROUND

Experian is a credit reporting agency.  In his complaint, Durham asserts that Experian incorrectly reported an unpaid debt in Durham's file.  ECF No. 1 (Compl.), at PageID.2.  Although he disputed this inaccuracy with Experian, Experian allegedly failed to investigate his claim or modify his file, which Durham

asserts is a violation of the Fair Credit Reporting Act. *Id.* Durham says that he was "stressed" and "incur[red] costs" because of the error. *Id.* He seeks "all available damages pursuant to law." *Id.*

As part of discovery, Durham wants to depose Experian and receive certain documents. As required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, he served a notice of deposition on Experian, proposing thirty-two deposition topics and document requests. Experian objected to twenty-six of them. After a joint letter brief from the parties, *see* ECF No. 51, and after reviewing the limited record before him, Judge Mansfield sustained ten of the objections and overruled the remaining sixteen, *see* ECF No. 76. Over Experian's objections, Judge Mansfield allowed several deposition topics and document requests to proceed that related to Experian's handling of Durham's dispute. *See id.*

But Judge Mansfield sustained Experian's objections as to ten specific topics. Judge Mansfield principally based these rulings on two findings: that some topics were "not relevant to Plaintiff's Complaint, which does not seek punitive damages," and that other topics were "not relevant to Plaintiff's claims or Experian's defenses." *Id.* at PageID.221. Among other things, Judge Mansfield barred Durham from asking about the total number of Experian subscribers, the location of certain employees and contractors, and the number of consumer disputes by category. *Id.* at 221, 223-24.

2

Durham now appeals eight of Judge Mansfield's rulings, arguing that they should be corrected from "sustained" to "overruled."  *See* ECF No. 82.  Durham contends that there are two errors in Judge Mansfield's order.  He argues that his complaint does state a claim for punitive damages, so Judge Mansfield's contrary conclusion was improper.  He additionally argues that the proposed topics are necessary to establish negligence on the part of Experian, which Durham contends is a core part of his claims.

## **DISCUSSION**

Two principles guide this Court's review of Judge Mansfield's order.  First, district courts have broad discretion to determine the relevancy of evidence for discovery purposes.  *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).  Second, a district court judge must affirm a magistrate judge's order unless it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72.

Taking these principles together, "a magistrate judge's ruling on discovery issues, including relevancy, is clearly erroneous only when the district court is left with a definite and firm conviction that a mistake has been committed."  *JJCO, Inc. v. Isuzu Motors Am., Inc.*, Civ. No. 08-00419, 2009 WL 3569600, at *2 (D. Haw. Oct. 30, 2009) (internal quotation marks omitted).  In other words, this Court must uphold Judge Mansfield's order about the relevancy of Durham's discovery

request unless it is plainly wrong or contrary to law.  *See* 12 Richard L. Marcus, *Federal Practice and Procedure* (Wright & Miller) § 3069 (3d ed. 2024 update) ("[I]t is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge.").

For the reasons discussed below, Durham has not shown that Magistrate Judge Mansfield's order was clearly erroneous or contrary to law.

1.  Durham appeals Judge Mansfield's finding that two of the proposed topics[1] bore on punitive damages, which Judge Mansfield concluded were not sought in Durham's complaint.  ECF No. 76 (Order), at PageID.221.  Indeed, Durham's complaint does not once say that it seeks punitive damages.  But Durham rejoins that his complaint "seeks all available damages pursuant to law," which should be read to include punitive damages.  ECF No. 82, at PageID.539 (quoting ECF No. 1 (Compl.), at PageID.2).  According to Durham, federal courts adopt a "liberal system of notice pleading," under which a plaintiff need only give a defendant "fair notice of what the plaintiff's claim is," not "detail" of "the facts upon which he bases his claim."  *Id.* at PageID.540 (internal quotation marks and emphasis omitted).

---

[1]  These are topics #16 and #19, which respectively request "Experian's gross and net income from the sale of consumer reports for the 2022 and 2023 calendar years" and "revenue and profit for each quarter and year since 1/1/2023."  ECF No. 76, at PageID.221.

4

Durham, however, argues for applying an outdated pleading standard. The Supreme Court has departed from bare notice pleading, holding that although a complaint does not necessarily "need detailed factual allegations," it must have "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Put differently, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

Durham's complaint does not satisfy this standard with respect to punitive damages. Although it states that Durham "seeks all available damages pursuant to law," ECF No. 1, at PageID.2, such open-ended language is not a substitute for specifically identifying claims. The only harms that Durham describes are "costs in obtaining a police report and sending a second dispute" and "stress[] as a result of Experian's inaction and lack of procedures." *Id.* While this suggests that Durham will seek actual damages, it does not suggest he is pursuing punitive damages too.

Nor does the complaint allege facts that could plausibly support a claim for punitive damages. To establish punitive damages under the Fair Credit Reporting Act, a plaintiff must show that the credit reporting agency was either recklessly or willfully noncompliant. *See Safeco v. Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56-58 (2007). But nothing in the complaint alleges facts that suggest Experian acted

5

willfully or recklessly.  The complaint simply says that Experian did not investigate Durham's dispute, and that allegation, standing alone, does not bear on willfulness or recklessness.  *Cf. Zavala v. Trans Union, LLC*, No. 20-cv-02276, 2022 WL 866017, at *4 (E.D. Cal. Mar. 23, 2022) (dismissing claim for punitive damages because of the "conclusory" allegations that "Defendants willfully violated the [Fair Credit Reporting Act] because they did not conduct good faith investigations into Plaintiff's disputes").

Because the Court cannot conclude that Judge Mansfield's decision was clearly erroneous, the Court upholds his order insofar as it strikes certain topics because they pertain to punitive damages.

2.  Durham also challenges Judge Mansfield's conclusion that several other topics were not relevant to Durham's claims or Experian's defenses.[2]  *See* ECF No. 76 (Order), at PageID.221-24.  According to Durham, the Fair Credit Reporting Act requires him to establish negligence on the part of Experian.  And establishing negligence, Durham argues, requires a "cost-benefit analysis which includes whether an appropriate amount of resources were attributed to the federally mandated investigation based on the resources available to the defendant."  ECF

---

[2]  Judge Mansfield reached this conclusion with respect to topics # 17, #21, #27, #29, #30, and #32.  ECF No. 76, at PageID.221-23.  Durham appears to argue that all eight of the challenged rulings—not just these six—should be overruled because the topics are relevant to negligence.  The Court's analysis in this section therefore applies to all eight objections.

No. 82, at PageID.535-36.  Durham contends that this cost-benefit analysis requires evidence about Experian's subscribers, income, revenues, profits, employees, disputes, and labor costs, among other things.

Judge Mansfield's finding was not clearly erroneous, as the Court agrees that Durham's broad discovery topics appear, at best, minimally relevant.  And even if Durham's broad proposed topics might be marginally relevant, they would be disproportionately burdensome.  As Judge Mansfield recognized, discovery is permissible when it is both "relevant to any party's claim or defense" *and* "proportional to the needs of the case."  ECF No. 76, at PageID.216 (quoting Fed. R. Civ. P. 26(b)(1)).  To assess a request's proportionality, a court must consider the "importance of the issues at stake," the "amount in controversy," the parties' relative "access to relevant information," the parties' "resources," the "importance of the discovery in resolving the issues," and "whether the burden [or] expense of the proposed discovery outweighs its likely benefit."  *Id.*

The complaint's allegations suggest that this case has a narrow scope and a limited amount in controversy.  The complaint alleges that "Experian did no investigation" into Durham's "dispute of an inaccurate item."  ECF No. 1, at PageID.2.  According to the complaint, this caused three discrete harms:  the cost of "obtaining a police report," the cost of mailing "a second dispute," and "stress[]."  *Id.*  These allegations suggest a narrow case.

7

It is true that, in some cases, serious harms can flow from inaccurate credit reports. An inaccurate credit score could, perhaps, bar an individual from accessing a loan, from securing a mortgage, or from finding employment. But Durham does not assert such harms here. He does not allege that his credit score has been impacted, or that he was denied access to capital because of the false report, or that he faced any other comparable consequences.

In light of Durham's narrow claims and limited harms, his discovery requests are disproportionately burdensome. ECF No. 51, at PageID.146 (Experian's Letter Br.) (arguing "[t]he topic and/or time limit are unduly burdensome and unreasonable and calls for information that is not readily available"). For example, Durham asks for "[t]he number of disputes Experian has received and processed . . . in [] each of the years since the beginning of 2022 and through the date of this deposition notice categorized by . . . dispute types"; he requests "the number of individuals processing consumer disputes" categorized by where they work and whether they are Experian employees or contractors; and he seeks the "revenue and profit for each quarter and year since 1/1/2023." ECF No. 76, at PageID.221-24.

The Court cannot conclude that the "importance of the issues," "the importance of the discovery in resolving th[ose] issues," or the "amount in controversy" warrants such a far-reaching inquiry into Experian's dispute history,

8

employment practices, and financial records.  Fed R. Civ. P. 26(b)(1).  Such sprawling discovery requests spanning several years might certainly be appropriate in some cases—say, for example, a class action.  But here, even though Experian may have more "resources" and "access to" the requested information, given the restricted scope of this case, it appears that the "burden . . . of the proposed discovery outweighs its likely benefit."  *Id.*

This is not to say that Durham will be bereft of all discovery.  Because Judge Mansfield overruled a majority of Experian's objections, Durham will be able to ask Experian about a number of topics that bear directly on his claims, and he will receive several relevant documents.  Durham also remains free to pursue other evidence that is relevant and proportional to his case, within the boundaries of the rules of discovery and any other orders in this case.

## **CONCLUSION**

Plaintiff Durham has not shown that Judge Mansfield's order was clearly erroneous or contrary to law.  The Court therefore AFFIRMS the Order on Local Rule 37.1 Discovery Dispute, ECF No. 76.

//
//
//
//
//

9

IT IS SO ORDERED.

DATED: August 13, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 23-00255 MWJS-KJM, *Demetre Durham v. Experian Information Solutions, Inc.*; ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER ON LOCAL RULE 37.1 DISCOVERY DISPUTE, ECF NO. 76